# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

LISELLE TOVAR

6116 Kendra Way

Centreville, VA 20121

      Plaintiff

v.                                   Case No._____

ANTHONY B. COVINGTON

c/o Office of the State's Attorney for Charles County

200 Charles Street

La Plata, Maryland 20646

      Defendants

## COMPLAINT AND JURY DEMAND

Plaintiff Liselle Tovar, by and through their attorneys Justin Eisele and Mirriam Z. Seddiq, file suit against the Defendants Anthony B. Covington, Office of the State's Attorney for Charles County, and state the following in support thereof:

## THE PARTIES

1.     Plaintiff Liselle Tovar is and was, at all times relevant, a resident of Arlington County, Virginia or Fairfax County, Virginia.

2.     Defendant, Anthony B. Covington is and was, at all times relevant, the State's Attorney for Charles County, Maryland.

## JURISDICTION & VENUE

3.     Plaintiff placed Defendant on notice of her claim as required by the Maryland Tort Claims Act (Maryland Code, State Government § 12-101 *et seq.*) by mailing the required notices via certified, first-class U.S. mail, postage prepaid, return receipt requested, to Nancy

1

Kopp, State Treasurer, Goldstein Treasury Building, 80 Calvert Street, Annapolis, Maryland 21401, within the requisite period of time.

4.     The State Treasurer, through its agent Mark A. Clabaugh, denied Plaintiff's claim on August 13, 2018.

5.     Plaintiff has complied with all legal and other preconditions (and/or conditions precedent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

6.     Plaintiff has complied with all legal and other post-conditions (and/or conditions subsequent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

7.     The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and/or 42 U.S.C. § 1983, this being, in part, an action authorized by law to redress the deprivation of rights secured to the Plaintiff by the United States Constitution.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 1983 since the actions Plaintiff complain of occurred and arose in Charles County, Maryland.

## FACTS

9.     This case arises from the wrongful arrest and imprisonment of Plaintiff on July 7, 2017. Plaintiff was wrongfully arrested and imprisoned as a result of the criminal information filed by the Defendant for Escape. The information in this warrant was false.

10.     Ms. Tovar originally faced prosecution with Charles County for drinking and driving charges. (Case # 0000001330M3X). Through negotiations, she accepted a plea to Driving While Impaired whereby, as part of her sentence, she was ordered to report for a

2

weekend of jail. She was sentenced on November 21, 2016. She was initially to report on November 25, 2016.

11.     Because of an emergency with her newborn, Plaintiff asked, via motion through her counsel, to amend her report date to a future date.

12.     A motion was filed by her counsel to extend her report date. A copy was served on the Defendant.

13.     On December 6, 2016, the District Court of Charles County entered an order amending Liselle Tovar's report date to December 9, 2016. This order was filed. The order was filed in the public court file and served on the Charles County Detention Center, State's Attorneys Office, and defense counsel.

14.     Plaintiff served her jail sentence from December 9, 2016- December 11, 2016.

15.     On or about June 15, 2017, without prior notice to Plaintiff, or her defense counsel, Defendant, sitting in Charles County, Maryland, filed a criminal information for Escape in the District Court of Charles County Maryland in case #D-042-CR-17-000038.

16.     The criminal information, filed by defendant, through its agent assistant state's attorney Constance Kopleman, alleged specifically that Plaintiff failed to report for her jail on November 25, 2016.

17.     The Defendant did not utilize an investigator to bring these charges. They acted as both as the police and the prosecuting attorney in this case. Because of this criminal information, a warrant was issued for her arrest on June 15, 2017.

18.     The state had possession of an order that the report date had been amended to December 9, 2016.

3

19.    A simple review of the case file would have revealed that Ms. Tovar was not required to report for her jail sentence on November 25, 2016.

20.    On the evening of Friday, July 7, 2017, after a routine traffic stop for speeding in Fairfax, County, Virginia, Plaintiff was arrested on this outstanding warrant.

21.    Ms. Tovar spent from Friday July 7, 2017, to July 11, 2017, in the Fairfax County Detention Center. The grounds for arrest were false.

22.    After demanding that the Defendant address this wrong-doing, Defendant and counsel for Plaintiff submitted an order for recall of the warrant. The District Court entered the order on July 10, 2017. Plaintiff was not released until July 11, 2017.

23.    Ms. Tovar, as a result of this arrest, was separated from her infant child and was forced to breast feed her child at the detention center until her release.

24.    At all times, Anthony Covington, and his assistant state's attorney, Constance Kopleman, were acting under the color of law and within their scope of employment.

25.    As a result of her arrest, Ms. Tovar lost her freedom and dignity and suffered physical and psychological harm from being arrested and detained without cause.

26.    At all times, Defendant acted with gross negligence and/or with actual malice directed at Ms. Tovar.

27.    The State's Attorney engaged in police work in this case and as a result its gross negligence was directly responsible for the unlawful detention of Ms. Tovar.

## COUNT I- FALSE ARREST

28.    Plaintiff incorporates by references the preceding paragraphs as if set forth fully herein, and states further:

29.    Defendant, his agents, and employees unlawfully deprived Plaintiff of her liberty.

4

30.     Plaintiff did not consent to the deprivation of her liberty.

31.     Defendant, agents, and employees were without legal justification for depriving Plaintiff of her liberty.

32.     The conduct of Defendant, their agents, and their employees were perpetrated with actual malice.

33.     As a direct and proximate result of the false arrest by Defendant, its agents, and its employees, Plaintiff sustained the following damages:

> a. Emotional, mental, and physical pain and suffering;
>
> b. Missed time from work and leisure activities;
>
> c. Past and future medical expenses; and
>
> d. Loss of earning capacity.

## COUNT II – FALSE IMPRISONMENT

34.     Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further:

35.     Defendant, its agents, and its employees unlawfully deprived Plaintiff of his liberty.

36.     Plaintiff did not consent to the deprivation of her liberty and was held against her will for an extended period of time.

37.     Defendant, its agents, and its employees were without legal justification for depriving Plaintiff of her liberty.

38.     The conduct of Defendant, its agents, and its employees was perpetrated with actual malice.

5

39.     As a direct and proximate result of the false imprisonment by Defendant, its

agents, and its employees, Plaintiff has sustained the following damages:

> a. Emotional, mental, and physical pain and suffering;
>
> b. Missed time from work and leisure activities;
>
> c. Past and future medical expenses; and
>
> d. Loss of earning capacity.

## COUNT III- MARYLAND DECLARATION OF RIGHTS

40.     Plaintiff incorporates by reference the preceding paragraphs as if set forth fully

herein, and states further:

41.     Defendant, its agents, and its employees violated Plaintiff's civil and

constitutional rights, including her rights under Article 24 and 26 of the Maryland Declaration of

Rights.

42.     The Defendant's actions were without legal justification and resulted in the false

arrest and false imprisonment of Plaintiff and directly caused injury to Plaintiff.

43.     As a direct result of Defendant's actions, Plaintiff was taken, imprisoned,

disseized of his freehold, liberties and privileges, outlawed, exiled, destroyed, deprived of his

life, liberty and property without the judgment of his peers or by the law of the land and was

subjected to an illegal search and seizure.

44.     All of Plaintiff's injuries, damages, and losses were solely and proximately

caused by the Defendant, its agents, and its employees, with no negligence on the part of

Plaintiff contributing thereto.

## COUNT IV- VIOLATION OF RIGHTS SECURED UNDER 18 U.S.C. § 1983

45.     Plaintiff incorporates by reference the preceding paragraph as if set forth fully herein, and states further:

46.     Defendant in his individual capacity, by and through his agents, and within the scope of his employment, acted intentionally to violate Plaintiff's rights secured under Chapter 42, Section 1983 of the United States Code. Defendant engaged in activities that violated Plaintiff's rights as protected under the Constitution of the United States of America.

47.     The acts and omissions of Defendant detailed within the Complaint, including but not limited to, the filing of a Criminal Complaint without probable cause, the false arrest and imprisonment of Plaintiff, without probable cause or valid arrest warrant, deprived Plaintiff of his rights under 42 US.C. § 1983, including by not limited to:

   a. Freedom from the deprivation of liberty without due process of law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America; and

   b. freedom from arrest without probable cause, as guaranteed by the Fourth Amendment to the Constitution of the United States of America.

48.     Plaintiff has a right to be free from arrest and detention without probable cause, legal excuse, or justification and without a valid warrant. This right was denied when Plaintiff was arrested and detained without probable cause, legal excuse, or justification or valid arrest warrant.

49.     Plaintiff has a right to be free from wrongful imprisonment. This right was denied when Plaintiff was wrongfully imprisoned without legal cause, excuse, or justification.

50.     Plaintiff has a protected property interest in her freedom, her ability exercise her free will and domain over her person, and her ability to be free from unlawful and unwelcome detention by Defendant.

7

51.     Plaintiff was afforded less process than was due under law by Defendant, in depriving him of the rights in question.

52.     Defendant, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

53.     Additionally, Defendant, at all times relevant hereto, acted in an investigatory role and participated in investigative work to decide whether Plaintiff should be arrested. In fact, Defendant signed the Criminal Information that led directly to the arrest warrant. These actions were outside her role as an advocate for the State.

54.     By the actions detailed above, Defendant's conduct violated clearly Plaintiff's established statutory or constitutional rights of which a reasonable person would have known. Defendant deprived Plaintiff of her constitutional rights under 42 US.C. § 1983, including, but not limited to, freedom from wrongful arrest and detention without probable cause or a valid arrest warrant, and freedom from wrongful imprisonment without probable cause or a valid arrest warrant.

55.     As a result of the deprivation of Plaintiff's rights, Plaintiff was subjected to an unnecessary and unlawful arrest, detention, and imprisonment.

56.     Plaintiff further alleges that all of his injuries, losses, and damages – past present and prospective- were caused solely by the conduct, actions, and inactions of Defendant, as set forth herein, without any negligence, want of due care, or provocation on the part of Plaintiff, either directly or indirectly.

57.     As a  direct and proximate result of these acts, Plaintiff suffered the following damages: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of income; infliction of physical illness; inadequate medical care; humiliation; indignities and

severe embarrassment; degradation; injury to reputation; permanent loss of natural psychological development; restrictions of all forms of personal freedom including, but not limited to, diet, sleep, personal contact educational opportunity, vocational and professional opportunity, athletic opportunity, personal fulfillment, family relations, reading, television, movies, travel enjoyment, and expression.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

a)   Against Defendant in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for each county in compensatory damages, plus interest, costs, and all other relief deemed just and necessary under the circumstances.

b)   Against Defendant in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for each county in punitive damages, plus interest, costs, and all other relief deemed just and necessary under the circumstances.

c)   Against Defendant an award of costs and expenses in the present action, including reasonable attorneys' fees, to the full extend permitted by federal law and any other applicable statute, rule or law.

d)   Assessing interest, costs, and all other relief deemed just and necessary under the circumstances.

Respectfully Submitted,

Justin Eisele, Esquire
PO BOX 1127
Rockville, MD 20850
301.513.7832  (Office)
443.588.0400  (Fax)
justin.eisele@seddiqlaw.com
Attorney for Plaintiff, Liselle Tovar

9

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues raised herein.

Justin Eisele