IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **LIESELLE TOVAR,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:19-cv-02897-PWG |
| **ANTHONY B. COVINGTON,** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

On October 2, 2019, Liselle Tovar sued Anthony Covington asserting violations of 18 U.S.C. § 1983 and various state-law claims. Compl. ¶¶20-57, ECF No. 1. Ms. Tovar alleges that on July 7, 2017, she was wrongfully arrested and imprisoned based on the filing of a fraudulent criminal information. Sec. Am. Compl. ¶¶15-25, ECF No. 21.[1] Based on the same set of facts, Ms. Constance Kopelmen was added as a defendant in Ms. Tovar's Second Amended Complaint. *Id.* at ¶3. Mr. Covington was at the relevant time, and still is, the State's Attorney for Charles County, Maryland and Ms. Kopelmen was and is an Assistant State's Attorney for Charles County, Maryland. *Id.* at ¶¶2-3. Currently pending is the Defendants' Motion to Dismiss, ECF No. 30. I have reviewed the filings[2] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Defendants' Motion is GRANTED, and this case shall be DISMISSED WITH PREJUDICE.

---

[1] Although Ms. Tovar's First Amended Complaint altered some of the factual background underlying her claims, she did not alter the causes of action brought against Mr. Covington.
[2] This motion is fully briefed. *See* ECF Nos. 30, 34, 35.

**BACKGROUND**

On November 21, 2016, Ms. Tovar was sentenced in Charles County for Driving While Impaired. *Id.* at ¶10. As part of her sentence, Ms. Tovar was ordered to serve a weekend in jail beginning on November 25, 2016. *Id.* However, due to a family issue, Ms. Tovar did not report on the scheduled date. *Id.* at ¶11. Ms. Tovar's counsel filed a motion to extend her reporting date.[3] *Id.* at ¶12. On December 6, 2016, Judge Kenneth Talley, of the Charles County District Court, amended Ms. Tovar's report date to December 9, 2016. *Id.* at ¶13; Exhibit 1, Order Amending Jail Report Date, ECF No. 34. Ms. Tovar subsequently served her sentence from December 9-11, 2016. Sec. Am. Compl. ¶14.

On June 15, 2017, Assistant States Attorney Kopelmen filed a criminal information[4] charging Ms. Tovar with Escape in the second degree in violation of Md. Code Ann., Crim. Law § 9-405.[5] *Id.* at ¶¶15-16; Mot. Mem. 2. The criminal information was filed in connection with Ms. Tovar's failure to appear on November 25, 2016. Sec. Am. Compl. ¶16. Based on the criminal information, an arrest warrant was issued. Sec. Am. Compl. ¶20. On July 7, 2017, Ms. Tovar was pulled over for running a red light in Fairfax County, Virginia. *Id.* at ¶20; Mot Mem. 2. Because there was an outstanding warrant for her arrest, Ms. Tovar was held in the Fairfax County Detention Center from July 7, 2017 to July 11, 2017. Sec. Am. Compl. ¶¶21-22. Ms. Tovar was released from custody after an order for recall was issued by the District Court. *Id.* at ¶22.

---

[3] According to Defendants, it was not filed until four days after she was scheduled to report. Mot. Mem. 2, ECF No. 30. Defendants reference the motion to extend jail report date as exhibit one but failed to attach the referenced exhibit to their motion. *See* Mot. Mem. 2 n.1. Regardless, the assertion is not relevant to the analysis, and I have not considered it.

[4] Md. Code. Ann., Crim. Proc. § 4-102 permits State's Attorneys to proceed with criminal prosecutions by way of criminal information in select circumstances.

[5] Crim. Law § 9-405(2) provides: "A person may not knowingly fail to obey a court order to report to a place of confinement."

Ms. Tovar subsequently commenced this action in October 2019. Compl. 1. Ms. Tovar's second amended complaint includes four causes of action:

- False Arrest (Count I);

- False Imprisonment (Count II);

- Violations of Articles 24 and 26 of the Maryland Declaration of Rights (Count III); and

- Violation of Rights Secured Under 18 U.S.C. § 1983 (Count IV).

Sec Am. Compl. ¶¶28-57. Mr. Covington and Ms. Kopelmen filed a motion to dismiss all claims asserting that Ms. Tovar's causes of action are barred by Eleventh Amendment immunity, absolute prosecutorial immunity and statutory immunity. [6] *See* Mot. Mem. 4-8. Ms. Tovar claims that Mr. Covington and Ms. Kopelmen are not entitled to prosecutorial immunity on the grounds that they acted as both the police and the prosecuting attorney in filing the criminal information. Sec Am. Compl. ¶17; Mot. in Opp. 4-5, ECF No. 34.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when

---

[6] Defendants assert that they are entitled to statutory immunity from state law tort claims. Under the Maryland Torts Claims Act, State personnel generally enjoy immunity from claims arising out of actions taken within the scope of their public duties. *See* Md. Code Ann., State Gov't § 12-105.

3

considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense," such as an immunity defense. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (quoting *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011)

## ANALYSIS

Defendants contend that all of Ms. Tovar's claims are barred by various types of immunity. Mot. Mem. 4-8. In determining immunity, this Court accepts "the allegations of respondent's complaint as true." *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997). Defendants allege they are entitled to Eleventh Amendment immunity, prosecutorial immunity, and statutory immunity under the Maryland Tort Claims Act. *See* Mot. Mem. 4-8. *See also* Md. Code Ann., Cts. & Jud. Proc., § 5-522(b) (detailing how statutory immunity is applied to state employees); State Gov't, § 12-105 (same). Ms. Tovar asserts that Defendants are not entitled to prosecutorial immunity on the grounds that they undertook an "investigatory role" in the course of filing the criminal information. Mot. in Opp. 3-4. Further, Ms. Tovar asserts that Defendants are not entitled to statutory immunity

because the facts alleged, if believed by a jury, could establish malice or gross negligence, waiving Defendant's immunity.[7] *Id.* at 6-7.

## I.     42 U.S.C. § 1983 Violation of Rights Claim (Count IV)

A civil rights action under 42 U.S.C. § 1983 addresses unlawful conduct under color of law. *See Owens v. Balt. City State's Att'ys Office*, 767 F.3d 379, 402 (4th Cir. 2014). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Mauler v. Arlotto*, 777 F. App'x 59, 60 (4th Cir. 2019) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; or someone whose conduct is somehow attributable to the state. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 57-58 (1999).

Although on its face § 1983 confers no official immunity defenses, courts have found that certain immunities are so well established that "'Congress would have specifically so provided had it wished to abolish' them." *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (quoting *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967)). One such well recognized defense is a prosecutor's "absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

---

[7]     State employees waive their statutory immunity when their actions are taken with malice or gross negligence. *See* Md. Code. Ann., Cts. & Jud. Proc., § 5-522(b).

Absolute immunity will extend only to the actions "intimately associated with the judicial phase of the criminal process."[8] *Nero v. Mosby*, 890 F.3d 106, 117-18 (4th Cir. 2018) (quoting *Imbler,* 424 U.S. at 430-31). Other actions, such as administrative duties and investigatory functions, are entitled only to qualified immunity. *Buckley*, 509 U.S. at 273.  When evaluating whether absolute immunity is proper, courts utilize a "functional approach," *id.* at 269, and look to "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). Applying this functional approach, the Supreme Court has found that a prosecutor is entitled to absolute immunity when she

> professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares to file charges, *id.*, participates in a probable cause hearing, [*Burns v. Reed*, 500 U.S. 478, 492 (1991)], and presents evidence at trial, *Imbler,* 424 U.S. at 431.

*Nero*, 890 F.3d at 118. Conversely, a prosecutor acts in her administrative or investigatory capacity when

> she gives legal advice to police during an investigation, *Burns*, 500 U.S. at 493, investigates a case before a probable cause determination, *Buckley*, 509 U.S. at 274, and personally attests to the truth of averments in a statement of probable cause, *Kalina*, 522 U.S. at 129.

*Nero*, 890 F.3d at 118.

The alleged wrongs committed by Mr. Covington and Ms. Kopelmen fall within the umbrella of absolute immunity. Previous courts have held that preparation of an indictment is clearly within the ambit of absolute prosecutorial immunity. *See, e.g., Imbler*, 424 U.S. at 430 (finding that a prosecutor acts in the scope of their duties when initiating and prosecuting a case); *Kalina*, 522 U.S. at 129 (upholding absolute immunity for prosecutor's actions related to the preparation and filing of charging documents). The roots of Ms. Tovar's allegations lie in the filing

---

[8] "In other words, absolute immunity is afforded prosecutors when acting 'within the advocate's role.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000).

6

of a "criminal information." Sec. Am. Compl. ¶¶9-19. Similar to an indictment, a criminal information is a vehicle to "commence a prosecution." *See Gill v. Ripley*, 724 A.2d 88, 96 (Md. 1999). Pertinent to this case, Md. Code. Ann., Crim. Proc. § 4-102 provides that:

> *A State's Attorney may* charge by information:
>
> > (1) in a case involving a felony that does not involve a felony within the jurisdiction of the District Court, if the defendant is entitled to a preliminary hearing but does not request a hearing within 10 days after a court or court commissioner informs the defendant about the availability of a preliminary hearing; or
> >
> > (2) in any case, if a court in a preliminary hearing finds that there is probable cause to hold a defendant.

(emphasis added). The Maryland Code makes clear that a criminal information is a type of charging document available exclusively to the State's Attorney's Office.[9] *See e.g.,* Md. Code Ann., Crim. Proc. § 4-102; Md. Rule 4-202.

Given that the filing of a criminal information is a function conferred exclusively to a State's Attorney, there can be no doubt that this duty is "intimately associated with the judicial phase of the criminal process." *Nero,* 890 F.3d at 117-18 (quoting *Imbler,* 424 U.S. at 430-31). Just as other courts have found that actions related to the preparation and filing of charging documents are entitled to prosecutorial immunity, *Kalina*, 522 U.S. 118, I find that the preparation and filing of a criminal information is entitled to the same absolute immunity. Further, previous cases make clear that this absolute immunity from liability damages applies "notwithstanding that such immunity leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action

---

[9] While Maryland Constitution, Article V, § 7 provides for establishment of the office of the State's Attorney, most of their specific duties are spread throughout the Maryland Code. *See Gill*, 724 A.2d at 98.

7

deprives him or her of liberty." *Moment v. Mortel*, CA No. PWG-16-3966, 2017 WL 633317 (D. Md. Feb. 15, 2017) (citing *Imbler*, 424 U.S. at 427).

## II.     Maryland State Law Claims (Counts I-III)

Ms. Tovar further asserts state law claims of false arrest, false imprisonment and violations of the Maryland Declaration of Rights. Sec. Am. Compl. ¶¶34-57. For the reasons that follow, I hold that absolute prosecutorial immunity applies with equal force to the state law claims at issue in this case.[10] Courts look to the substantive state law when determining the nature and scope of a proffered state law immunity. *Nero*, 890 F.3d at 121 (citing *Davis v. City of Greensboro*, 770 F.3d 278 (4th Cir. 2014)).

Maryland law recognizes that absolute prosecutorial immunity confers a right in favor of prosecutors to be free from exposure to litigation in connection with their prosecutorial duties. In *Gill v. Ripley,* the Maryland Court of Appeals adopted the functional approach previously embraced by the Supreme Court. 724 A.2d 88, 96 (Md. 1999) (ruling that "[t]here is no reason to depart from that approach with respect to prosecutorial immunity."). The *Gill* Court further ruled that as a matter of Maryland common law, "prosecutors enjoy absolute immunity with respect to claims arising from their role in the judicial process—[including] *evaluating whether to commence a prosecution by criminal information*, presenting evidence to a grand jury in the quest for an indictment, filing charges, and preparing and presenting the State's case in court."[11] *Id.* (emphasis added). Ms. Tovar's claims against Defendants all stem from the filing of a criminal information which Maryland law has recognized as a function clearly within the judicial phase of the criminal

---

[10]     Because I find that absolute prosecutorial immunity applies, I need not reach the issue of whether Defendants are entitled to statutory immunity under the Maryland Tort Claims Act.

[11]     Additionally, I note that in Maryland, in the context of an arrest effected under a valid warrant, the torts of false imprisonment and false arrest do not lie "against either the instigator or the arresting officer where the plaintiff is not detained by the instigator and is arrested by a police officer pursuant to a facially valid warrant." *Montgomery Ward v. Wilson*, 664 A.2d 916, 923 (Md. 1995). Under these circumstances, the cause of action against the instigator is properly categorized as malicious prosecution. *Id.*

process. Defendants' actions in initiating this criminal prosecution fit squarely within the range of absolute immunity.

## CONCLUSION

In sum, the claims that Ms. Tovar raises in this lawsuit are precluded under absolute prosecutorial immunity. Because prosecutorial immunity bars Ms. Tovar's claims, I will dismiss this case without fully reaching the alternative grounds Defendants raise for dismissal. Further, Ms. Tovar has amended her complaint twice and absolute prosecutorial immunity makes further amendment futile. Therefore, Defendants' motion shall be granted, and Ms. Tovar's claims shall be dismissed with prejudice.

## ORDER

For the foregoing reasons, it is, this 18th day of February, 2021, hereby ORDERED that:

1. Defendants Covington and Kopelmen's Motion to Dismiss (ECF No. 30) is GRANTED;

2. Plaintiffs' Second Amended Complaint (ECF No. 21) is DISMISSED WITH PREJUDICE; and

3. The Clerk SHALL CLOSE this case.

\_\_\_\_\_/S/_____
Paul W. Grimm
United States District Judge